# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2344 | **DATE** | March 10, 2011 |
| **CASE TITLE** | SWANSON, et al. v. CITI, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiffs' motion for a protective order [79] is denied.

## STATEMENT

    *Pro se* plaintiff, Gloria Swanson ("Swanson"), asks that I issue a protective order precluding: (1) Defendants Andre Lanier ("Lanier") and PCI Appraisal Services' ("PCI") counsel, or anyone acting on behalf of Defendants Lanier and PCI, from objecting to questions and asking questions during Plaintiffs' deposition of Lori Chenot ("Chenot"), a Citibank employee which is noticed for March 11, 2011; and (2) preventing Swanson from being required to supply videoconference capability at the deposition of Lori Chenot. Plaintiff has provided no reasonable grounds for granting the protective order, and accordingly, it is denied. Defendants ask for costs associated with the response of this 'frivolous motion,' however, given Plaintiff's *pro se* status, I decline to impose costs.

    Chenot is the Citibank loan agent who took Swanson's loan application. Chenot is located in Saint Louis, and Swanson and Abe More (Citibank's counsel) will be traveling to Missouri to take the deposition. Suzanne Crowley ("Crowley"), attorney for Lanier and PCI, suggested that Swanson arrange to have the deposition taken via videoconference so that she could also ask questions of the witness. Swanson objects, stating that Crowley's participation will "muddle Plaintiff's deposition of Ms. Chenot with puff questions that will only served to result in huge transcript costs for Plaintiff attempting to discover information in a transcript which Ms. Crowley may attempt to fill with unnecessary and illegal objections."

    Plaintiff argues that pursuant to Federal Rule of Civil Procedure 26(b)(2), a court can limit discovery that is unnecessary or unreasonably duplicative or may be obtained from more convenient and less burdensome sources. Plaintiff has failed, however, to show that the application of this rule is warranted here. Indeed, pursuant to Rule 26, protective orders may be issued to protect "a party or any person from whom discovery is sought." Plaintiff is not the person from whom discovery is sought. Likewise, Plaintiff states

| STATEMENT |
|---|

that Rule 26(c)(1) allows a court to protect a person from annoyance, embarrassment, oppression and undue burden or expense. Again, Plaintiff fails to show how this rule is applicable here. Though acknowledging that Crowley does have a right to physically attend the deposition, Plaintiff maintains that she should not be allowed to ask questions or object during the deposition. Finally, Plaintiff suggests that Defendants are not treating her fairly and are taking advantage of her because of her *pro se* status. She states that she has been threatened by Crowley to have the deposition rescheduled in an attempt to "threaten inconvenience of rescheduled flights, cancelled hotel rooms and cancelled deposition space."

Contrary to Plaintiff's assertions, the rules allow PCI's counsel to ask questions of Chenot. Pursuant to Federal Rule of Civil Procedure 30(c)(1), the examination and cross-examination of a deponent should proceed as it would at trial. Plaintiff has offered no reasonable basis for issuing a protective order or for preventing Defendants' counsel to attend the deposition via videoconference.

Defendants state that they never asked Plaintiff to pay for videoconferencing costs. Likewise, they state that Plaintiff has provided no reasonable basis for not allowing counsel for PCI and Lanier to attend Chenot's deposition via videoconference. Defendants ask that pursuant to Federal Rule of Civil Procedure 30(a)(4), I order that the deposition be taken via videoconference. Finally, they deny any implication that they have dealt with Plaintiff in an unfair or dishonest manner.

Plaintiff's motion for a protective order is denied. Likewise, Defendants' request for costs associated with this motion is denied. I am requiring Plaintiff's deposition of Chenot to occur at a location where videoconferencing capabilities can be provided. Crowley can ask questions of Chenot and likewise has the right to object to questions. The instruction as to whether Chenot can answer a question, however, can only come from her counsel. Defendants will bear the costs associated with videoconferencing. Plaintiff is free to take the deposition of Chenot in person or via videoconference. That is her decision to make.