99500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA E. SWANSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. **09 cv-2344** |
| v. | ) | |
| | ) | Hon. Judge James B. Zagel |
| CITI, d/b/a CITIBANK, a member of | ) | |
| CITIGROUP, ANDRE LANIER AND PCI | ) | |
| APPRAISAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
JUL 08 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PLAINTIFF GLORIA E. SWANSON'S
MOTION TO COMPEL CITIBANK TO PRODUCE DOCUMENTS
REQUESTED IN SECOND SUPPLEMENTAL REQUEST
FOR PRODUCTION AND ANSWERS TO INTERROGATORIES IN
THIRD SET OF WRITTEN INTERROGATORIES

NOW COMES, Gloria E. Swanson, Plaintiff, pro se (hereinafter "Plaintiff" or "Swanson"), and moves this Court pursuant to Federal Rule of Civil Procedure 37(a) to enter an order compelling Defendant, Citibank to produce documents outlined in Plaintiff's Second Supplemental Request for Production of Documents and Plaintiff's Third Set of Written Interrogatories to Defendant, Citibank. In support of said motion, Plaintiff, Swanson, states as follows:

1.   On May 5, 2011, Plaintiff filed and served upon Defendant, Citibank, her Second Supplemental Request for Production dealing with documents relating to documents relating to correspondence, telephone logs, voice mail messages, etc. between Citibank and Mayer Brown LLP. This requests specifically asks for: *"All correspondence, documents, letters, notes (handwritten or typed), telephone logs and files relating to any correspondence, telephone conversations, emails, voicemail messages, dialogue, memoranda or other interaction directed*

1

*to or received from Mayer Brown LLP related to Gloria E. Swanson and/or Gloria E. Swanson's lawsuit in the above-entitled cause of action."* (Exh. 1)

2. On May 5, 2011, Plaintiff filed and served upon Defendant, Citibank, her Third Set of Interrogatories.

3. Defendant Citibank filed its response on June 8, 2011 to both Plaintiff's Second Request for Production of Document and to Plaintiff's Third Set of Written Interrogatories, essentially objecting to each and every request and interrogatory.

4. Defendant Citibank's defense in not producing documents relating to correspondence and documents relating to Mayer Brown and not answering interrogatories is that "Citibank objects that this request seeks documents which are neither relevant to any matter in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Citibank further objects that this request seeks documents protected from disclosure by the attorney-client privilege, to the extent any such documents exist." (Exhs. 2 and 3)

5. Plaintiff was fired from her 14-year employment as a legal secretary with Mayer Brown as a result of filing this lawsuit against Citibank. The Director of Human Resources at Mayer Brown stated to Plaintiff that she was being fired because she allegedly "viewed" Citibank documents.

6. Plaintiff raised with this court at a status hearing on July 21, 2009 the fact that someone from Citibank had made an under-the-radar telephone to Mayer Brown, Plaintiff's then place of employment, to frighten her or back Plaintiff away from this lawsuit only 10 days after the lawsuit was filed in order to have Plaintiff in fear of losing her job if she pursued the lawsuit since Citibank is a Mayer Brown client.

2

7. At no time during that July 21, 2009 hearing did Citibank's attorney ever deny that any such call was made. At no time during the ensuing allegations since Plaintiff's firing regarding Citibank's involvement with Mayer Brown related to direct or tacit responsibility for Plaintiff's firing has Citibank or its attorney denied any contact with Mayer Brown regarding Plaintiff, Gloria E. Swanson.

8. As a result of losing her 14-year employment and livelihood, Plaintiff has a right to received the documents requested in her Second Supplemental Request for Production as well as have answers to her Third Set of Written Interrogatories to Citibank as her loss of employment and income have become damage issues in this case.

9. Defendant Citibank has continued to stonewall and object to and refuse to produce even the basic documents requested by Plaintiff, in some cases saying Citibank refused to produce documents that are available in the "public sector". Plaintiff requested these documents and whether or not they are available in the public sector does not give Citibank the right to refuse to produce them.

10. Plaintiff has produced ever item which Citibank and PCI Appraisals requested in their document productions and answered every interrogatory to the best of her ability. Likewise, Citibank should be required to do the same without a double standard of Citibank's stonewalling and legal maneuvering.

11. Defendant Citibank's continued noncompliance has seriously prejudiced Plaintiff, Swanson's ability to go forward in this action. Even Defendant's possession of any of the documents requested will show Defendant Citibank's inclination to stop Plaintiff for pursuing this lawsuit and/or any direct or indirect responsibility for Mayer Brown firing Plaintiff. Therefore, these documents and interrogatories are, in fact, very relevant to this case.

3

WHEREFORE, Plaintiff, Gloria E. Swanson, respectfully requests that this Court grant its Motion to Compel and enter an order requiring Defendant, Citibank, to produce the documents requested in Plaintiff's Second Supplemental Request for Production as well as requiring Defendant, Citibank, to answer the interrogatories propounded in Plaintiff's Third Set of Written Interrogatories.

July 8, 2011

*[signature]*

Gloria E. Swanson, Plaintiff, pro se

Gloria E Swanson, Plaintiff, pro se
8920 S. Chappel Avenue
Chicago, IL 60617
Email: Gswanson8920@aol.com
Tele. 773-731-6014-Fax: 773-731-0391
99500, pro se

# EXHIBIT 1

(Plaintiff Gloria E. Swanson's Motion to Compel Citibank to Produce Documents Requested in Second Supplement Request for Production and Answers to Interrogatories in Third Set of Written Interrogatories). Swanson v. Citibank, et al 09 cv 02344)

99500

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GLORIA E. SWANSON, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. **09 cv-2344** |
| v. ) | |
| ) | Hon. Judge James B. Zagel |
| CITI, d/b/a CITIBANK, a member of ) | |
| CITIGROUP, ANDRE LANIER AND PCI ) | |
| APPRAISAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF GLORIA E. SWANSON'S
## SECOND SUPPLEMENTAL REQUEST
## FOR PRODUCTION TO CITIBANK N.A.

NOW COMES, Gloria E. Swanson, Plaintiff, pro se (hereinafter "Plaintiff" or "Swanson"), pursuant to Rule 34 of the Federal Rules of Civil Procedure and hereby requests that Defendant Citibank N.A. produce the following within twenty-eight (28) days from the date hereof, at Plaintiff's residence at 8920 S. Chappel Ave., Chicago, Illinois 60617 for inspection and copying:

1. All correspondence, documents, letters, notes (handwritten or typed), telephone logs and files relating to any correspondence, telephone conversations, emails, voicemail messages, dialogue, memoranda or other interaction directed to or received from Mayer Brown LLP related to Gloria E. Swanson and/or Gloria E. Swanson's lawsuit in the above-entitled cause of action.

May 5, 2011

                                                          _/s/ Gloria E. Swanson_
                                                          Gloria E. Swanson, Plaintiff, pro se

Gloria E Swanson, Plaintiff, pro se
8920 S. Chappel Avenue
Chicago, IL 60617
Email: Gswanson8920@aol.com
Tele. 773-731-6014-Fax: 773-731-0391
99500, pro se

# EXHIBIT 2

(Plaintiff Gloria E. Swanson's Motion to Compel Citibank to Produce Documents Requested in Second Supplement Request for Production and Answers to Interrogatories in Third Set of Written Interrogatories). Swanson v. Citibank, et al 09 cv 02344)

Firm I.D. No. 45515

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GLORIA E. SWANSON, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 09 cv-2344 |
| v. ) | |
| ) | Hon. Judge James B. Zagel |
| CITI, d/b/a CITIBANK, a member of ) | |
| CITIGROUP, ANDRE LANIER AND PCI ) | |
| APPRAISAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CITITBANK, N.A.'S RESPONSE TO
## PLAINTIFF'S SECOND SUPPLEMENTAL REQUEST FOR PRODUCTION

NOW COMES, Defendant, Citibank, N.A., ("Citibank") by and through their attorneys, K&L Gates LLP and in accordance with Rule 34 of the Federal Rules of Civil Procedure responds to Plaintiff, Gloria E. Swanson's ("Plaintiff" or "Swanson") Second Supplemental Request for Production as follows:

## GENERAL OBJECTIONS

The following General Objections are incorporated in each and every response below:

1. CITIBANK objects to each of Plaintiff's discovery requests, and to the accompanying definitions and instructions, to the extent those discovery requests, definitions and instructions purport to call for the disclosure of documents or information constituting, reflecting or revealing any information which is subject to the attorney-client privilege, work-product doctrine, consulting expert privilege, joint defense privilege, or any other privilege or immunity from discovery. In the event that any privileged materials or information are inadvertently produced by CITIBANK, such production or disclosure shall not constitute a waiver of any

applicable privilege. Nor shall CITIBANK be precluded from challenging the use of any inadvertently produced materials or information during any subsequent proceedings.

2. CITIBANK generally objects to Plaintiff's document requests to the extent they call upon CITIBANK to investigate, collect and disclose information and/or documents and things that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. CITIBANK is willing, however, to confer with Plaintiff in an effort to resolve any disagreements between the parties relating to the scope, breadth, burden and relevancy of Plaintiff's document requests and interrogatories.

3. CITIBANK objects to Plaintiff's document requests to the extent they request information that comprise the trade secrets or confidential proprietary and business information of CITIBANK. Any such documents or information produced will be produced only after the entry of an appropriate protective order.

4. CITIBANK objects to each of Plaintiff's discovery requests, and to the accompanying definitions and instructions, to the extent those discovery requests, definitions and instructions purport to impose any burden upon CITIBANK not imposed by the Federal Rules of Civil Procedure, any Local Rules of the Northern District of Illinois and any other governing rules or guidelines. In particular, CITIBANK objects to each of the Instructions on this basis.

5. CITIBANK's responses are made without waiving or intending to waive, and are intended to preserve: a) all objections to the relevancy, materiality, admissibility or use in any subsequent proceeding, including the trial of this action, of any of the documents produced or information disclosed pursuant to Plaintiff's discovery requests; b) CITIBANK's right to amend, modify or supplement its responses and objections to Plaintiff's discovery requests.

6. CITIBANK also objects to production of information already in the possession of Plaintiff or in the public domain.

7. CITIBANK incorporates by reference every General Objection set forth above into each specific response or answer set forth below. A specific answer or response may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection in any specific answer or response does not waive any General Objection to that request or interrogatory.

8. CITIBANK objects to each of Plaintiff's discovery requests, and to the accompanying definitions and instructions, to the extent those discovery requests, definitions and instructions include legal conclusions or assumptions.

## REQUEST

1. All correspondence, documents, letters, notes (handwritten or typed), telephone logs and files relating to any correspondence, telephone conversations, emails, voicemail messages, dialogue, memoranda or other interaction direct to or received from Mayer Brown LLP related to Gloria E. Swanson and/or Gloria E. Swanson's lawsuit in the above-entitled cause of action.

**RESPONSE:** Citibank objects that this request seeks documents which are neither relevant to any matter at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Citibank further objects that this request seeks documents protected from disclosure by the attorney-client privilege, to the extent any such documents exist.

3

Dated: June 8, 2011                    CITIBANK, N.A., Defendant

                                                     By: _____
                                                                   One of Its Attorneys

Abram I. Moore
Sara E. Fletcher
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Phone: 312.372.1121
Fax: 312.827.8000

4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused the foregoing **Defendant Citibank, N.A.'s Response to Plaintiff's Second Supplemental Request for Production** to be served upon the individuals named below by placing copies of the same in properly addressed envelopes, with first class postage affixed, and depositing said envelopes in the United States Mail at 70 W. Madison, Chicago, Illinois, on the 8th day of June, 2011:

> Gloria Swanson and Charles Routen
> 8920 S. Chappel Avenue
> Chicago, IL 60617-2919
> *Plaintiffs Pro Se*
>
> Suzanne M. Crowley
> Natalia M. Delgado
> Pretzel & Stouffer, Chartered
> One South Wacker Drive, Suite 2500
> Chicago, Illinois 60606
> *Counsel for Defendants Andre Lanier and PCI Appraisal Services*

_____
Abram Moore

# EXHIBIT 3

(Plaintiff Gloria E. Swanson's Motion to Compel Citibank to Produce Documents Requested in Second Supplement Request for Production and Answers to Interrogatories in Third Set of Written Interrogatories). Swanson v. Citibank, et al 09 cv 02344)

Firm I.D. No. 45515

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GLORIA E. SWANSON, | ) |
| Plaintiff, | ) Civil Case No. 09 cv-2344 |
| v. | ) |
| | ) Hon. Judge James B. Zagel |
| CITI, d/b/a CITIBANK, a member of CITIGROUP, ANDRE LANIER AND PCI APPRAISAL SERVICES, | ) ) ) |
| Defendants. | ) |

### DEFENDANT CITITBANK, N.A.'S RESPONSE TO PLAINTIFF'S THIRD SET OF WRITTEN INTERROGATORIES

NOW COMES, Defendant, Citibank, N.A., ("Citibank") by and through their attorneys, K&L Gates LLP and in accordance with Rule 33 of the Federal Rules of Civil Procedure responds to Plaintiff, Gloria E. Swanson's ("Plaintiff" or "Swanson") Third Set of Written Interrogatories as follows:

### GENERAL OBJECTIONS

The following General Objections are incorporated in each and every response below:

1. CITIBANK objects to each of Plaintiff's discovery requests, and to the accompanying definitions and instructions, to the extent those discovery requests, definitions and instructions purport to call for the disclosure of documents or information constituting, reflecting or revealing any information which is subject to the attorney-client privilege, work-product doctrine, consulting expert privilege, joint defense privilege, or any other privilege or immunity from discovery. In the event that any privileged materials or information are inadvertently produced by CITIBANK, such production or disclosure shall not constitute a waiver of any

CI-9205847 v1

applicable privilege. Nor shall CITIBANK be precluded from challenging the use of any inadvertently produced materials or information during any subsequent proceedings.

2. CITIBANK generally objects to Plaintiff's interrogatories to the extent they call upon CITIBANK to investigate, collect and disclose information and/or documents and things that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. CITIBANK is willing, however, to confer with Plaintiff in an effort to resolve any disagreements between the parties relating to the scope, breadth, burden and relevancy of Plaintiff's document requests and interrogatories.

3. CITIBANK objects to Plaintiff's interrogatories to the extent they request information that comprise the trade secrets or confidential proprietary and business information of CITIBANK. Any such documents or information produced will be produced only after the entry of an appropriate protective order.

4. CITIBANK objects to each of Plaintiff's discovery requests, and to the accompanying definitions and instructions, to the extent those discovery requests, definitions and instructions purport to impose any burden upon CITIBANK not imposed by the Federal Rules of Civil Procedure, any Local Rules of the Northern District of Illinois and any other governing rules or guidelines. In particular, CITIBANK objects to each of the Instructions on this basis.

5. CITIBANK's responses are made without waiving or intending to waive, and are intended to preserve: a) all objections to the relevancy, materiality, admissibility or use in any subsequent proceeding, including the trial of this action, of any of the documents produced or information disclosed pursuant to Plaintiff's discovery requests; b) CITIBANK's right to amend, modify or supplement its responses and objections to Plaintiff's discovery requests.

6. CITIBANK also objects to production of information already in the possession of Plaintiff or in the public domain.

7. CITIBANK incorporates by reference every General Objection set forth above into each specific response or answer set forth below. A specific answer or response may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection in any specific answer or response does not waive any General Objection to that request or interrogatory.

8. CITIBANK objects to each of Plaintiff's discovery requests, and to the accompanying definitions and instructions, to the extent those discovery requests, definitions and instructions include legal conclusions or assumptions.

9. Citibank objects that Plaintiff has exceeded the number of interrogatories permitted by Federal Rule of Civil Procedure 33 without leave of court. Although Plaintiff has numbered this set of interrogatories beginning with No. 21, she has in fact already served 26 interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 21 [27]:** Please give the names of any and all persons at Citibank, including any of its representatives or assigns, who were in contact with anyone at Mayer Brown LLP, whether via direct face-to-face conversations, telephone conversations, email correspondence, letter correspondence, voicemail messages or in any other dialogue related to Gloria E. Swanson and/or Gloria E. Swanson's lawsuit in the above-entitled matter.

**RESPONSE TO INTERROGATORY NO. 27:** Citibank objects that this interrogatory exceeds the maximum number of interrogatories permitted under Federal Rule of Civil Procedure 33. Citibank further objects that this interrogatory requests information which is not relevant to any matter at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 22 [28]**: Please give the dates and times with respect to any contacts which Citibank had (including any of its representatives or assigns) with Mayer Brown LLP, whether via direct face-to-face conversations, telephone conversations, email correspondence, letter correspondence, voicemail messages or any other dialogue, related to Gloria E. Swanson and/or Gloria E. Swanson's lawsuit in the above-entitled cause of action.

**RESPONSE TO INTERROGATORY NO. 28**: Citibank objects that this interrogatory exceeds the maximum number of interrogatories permitted under Federal Rule of Civil Procedure 33. Citibank further objects that this interrogatory requests information which is not relevant to any matter at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 23 [29]**: Please supply the names and titles of any and all participants in any meetings or telephone conferences, including department designations of each and every participant at Citibank, each and every participant outside of Citibank and each and every participant at Mayer Brown LLP who met with persons or participated in telephone conversation related to Gloria E. Swanson and/or Gloria E. Swanson's lawsuit in the above-entitled cause of action.

**RESPONSE TO INTERROGATORY NO. 29**: Citibank objects that this interrogatory exceeds the maximum number of interrogatories permitted under Federal Rule of Civil Procedure 33. Citibank further objects that this interrogatory requests information which is not relevant to any matter at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 24 [30]**: Please supply the names and titles of any and all persons at Citibank who advised anyone at Mayer Brown LLP of the Motion for Protective Order hearing scheduled on March 8, 2011 at 10:00 a.m. before Judge Zagel in the above-entitled cause of action.

**RESPONSE TO INTERROGATORY NO. 30**: Citibank objects that this interrogatory exceeds the maximum number of interrogatories permitted under Federal Rule of Civil Procedure 33. Citibank further objects that this interrogatory requests information which is not relevant to any matter at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: June 8, 2011     CITIBANK, N.A., Defendant

By: _____
     One of Its Attorneys

Abram I. Moore
Sara E. Fletcher
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Phone: 312.372.1121
Fax: 312.827.8000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused the foregoing **Defendant Citibank, N.A.'s Answers to Plaintiff's Third Set of Written Interrogatories** to be served upon the individuals named below by placing copies of the same in properly addressed envelopes, with first class postage affixed, and depositing said envelopes in the United States Mail at 70 W. Madison, Chicago, Illinois, on the 8th day of June, 2011:

>Gloria Swanson and Charles Routen
>8920 S. Chappel Avenue
>Chicago, IL 60617-2919
>*Plaintiffs Pro Se*
>
>Suzanne M. Crowley
>Natalia M. Delgado
>Pretzel & Stouffer, Chartered
>One South Wacker Drive, Suite 2500
>Chicago, Illinois 60606
>*Counsel for Defendants Andre Lanier and PCI Appraisal Services*

>/s/ Abram Moore
>Abram Moore